UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ESTATE OF MONICA LILIANA CAMERONI DE ADAMS, by and through its Administrator Eliot Cobb Adams; ELIOT COBB ADAMS, an individual; and NATALIE DANIELLE CAMERONI-ADAMS, an individual,

Plaintiffs,

v.

CITY OF SAN DIEGO, a public entity; CITY OF SAN DIEGO POLICE DEPARTMENT, a public entity; OFFICER MATTHEW BRACE, an individual; OFFICER MALLORY MARASCHIELLO, an individual; CHIEF DAVID NISLEIT, an individual; KHATI BROTHERS INVESTMENTS, INC., dba ROADWAY TOWING & RECOVERY, a California corporation; TOW & TRANSPORT, INC., dba ROADWAY TOWING & RECOVERY, a California corporation; JORDAN MAXIMILIAN LOPEZ, an individual; and DOES 1–25, inclusive,

Defendants.

Case No.: 25-cv-1447-WQH-MSB

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion for Partial Reconsideration filed by Defendants City of San Diego, Officer Matthew Brace, Officer Mallory Maraschiello, and Chief David Nisleit. (ECF No. 21.)

## I. PROCEDURAL HISTORY

On April 2, 2025, Plaintiff Estate of Monica Liliana Cameroni de Adams, by and through its Administrator Eliot Cobb Adams; Plaintiff Eliot Cobb Adams; and Plaintiff Natalie Danielle Cameroni-Adams (collectively, "Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of San Diego, Case No. 25CU017593C. (Compl., ECF No. 1-2.)

On June 5, 2025, Defendants City of San Diego, Officer Matthew Brace, Officer Mallory Maraschiello, and Chief David Nisleit (collectively, "San Diego Defendants") removed the action to this Court. (ECF No. 1.)

On June 12, 2025, San Diego Defendants filed a Motion to Dismiss Plaintiffs' Complaint. (ECF No. 2.)

On March 26, 2026, the Court issued an Order (the "Dismissal Order") granting in part and denying in part the Motion to Dismiss Plaintiffs' Complaint. (ECF No. 20.)

On April 23, 2026, San Diego Defendants filed the pending Motion for Partial Reconsideration. (ECF No. 21.)

## II. CONTENTIONS

San Diego Defendants move for reconsideration of the Dismissal Order regarding "two distinct issues." (ECF No. 21-1 at 1.)

San Diego Defendants contend that the San Diego Police Department should be entirely dismissed from this action because it is not a proper defendant under either state or federal law. *Id.* at 2–3. San Diego Defendants contend that the Court correctly identified in its Dismissal Order that the San Diego Police Department is "not a distinct legal entity" from the City of San Diego, and that this holding requires its dismissal from this action. *Id.* at 3.

San Diego Defendants also contend that the Court applied an erroneous negligence standard when analyzing vicarious liability against Defendant City of San Diego. *Id.* at 3–5. San Diego Defendants contend that California Government Code § 815.2, which permits a municipality to be held vicariously liable for the acts or omissions of its employees, is limited only to cases involving "gross negligence or bad faith." *Id.* at 4–5 (citation omitted). San Diego Defendants contend that the Court improperly considered Plaintiffs' negligence claim under an ordinary care, rather than a gross negligence, standard and request that the Court reconsider its analysis of Plaintiffs' negligence claim against Defendant City of San Diego. *Id.*

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* S.D. Cal. L.R. 7(i). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## IV. DISCUSSION

In its Dismissal Order, the Court granted in part and denied in part San Diego Defendants' motion to dismiss "all claims in the Complaint against [City of San Diego], [San Diego Police Department], Officers Brace and Maraschiello, and Chief David Nisleit." (ECF No. 19 at 6 (quoting ECF No. 2-1 at 8–9).)

The relevant claims asserted in the Complaint are: (1) a claim for due process violations under 42 U.S.C. § 1983 asserted against Defendant Officers Matthew Brace and Mallory Maraschiello (together, the "Defendant Officers"); (2) a claim for municipal liability for a failure to train under 42 U.S.C. § 1983 against Defendants City of San Diego and San Diego Police Department; (3) a negligence claim against San Diego Defendants; and (4) a claim for negligent hiring, retention, and supervision against San Diego Defendants. *Id.* at 7.

The Court granted the motion to dismiss with respect to both claims under 42 U.S.C. § 1983 and the claim for negligent hiring, retention, and supervision. *Id.* at 35. The Court denied the motion to dismiss with respect to the negligence claim. *Id.*

### A. Defendant San Diego Police Department

In their Complaint, Plaintiffs assert a claim under 42 U.S.C. § 1983 against Defendants City of San Diego and San Diego Police Department for a failure to train. (ECF No. 1-2 ¶¶ 73–83.) In the Dismissal Order, the Court held that Defendant San Diego Police Department was not a properly named defendant with respect to Plaintiffs' § 1983 claim because the police department is a "municipal department within the City of San Diego" that does not qualify as a "person" within the meaning of § 1983. *Id.* at 18–19 (citing *Paschelke v. Doe*, No. CIV 09-2191 IEG(CAB), 2010 WL 2640501, at *1 (S.D. Cal. June 30, 2010) (quotations omitted); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996)).

In the pending Motion for Partial Reconsideration, San Diego Defendants move the Court to dismiss Plaintiff's state law negligence claim against Defendant San Diego Police Department because the "principle" that the police department cannot be properly named

as a defendant for a *Monell* claim is "equally applicable to state law causes of action." (ECF No. 21-1 at 3.)

Pursuant to Federal Rule of Civil Procedure 17, Plaintiffs' ability to name San Diego Police Department as a defendant "is to be determined by the law of California." *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986); Fed. R. Civ. P. 17(b) (stating that the "[c]apacity to sue or be sued" is determined based on the "law of the state where the court is located" for parties that are neither individuals nor corporations). Under California law, a "public entity may sue and be sued." Cal. Gov't Code § 945. California law also provides that the term "public entity" includes, among other things, "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." *Id.* § 811.2. Although California law does not expressly state that a "department," like the San Diego Police Department, qualifies as a "public entity" within the meaning of the California Government Code, the statute's inclusion of "other political subdivision[s]" in its definition supports the inference that a department within the City of San Diego is capable of being named as a defendant.

The Ninth Circuit conducted an analysis under Rule 17(b) regarding a municipal police department and determined that "the courts of California would hold that the [San Jose Police Department] is a public entity under section 811.2" of the California Government Code and, "[t]hus, under Fed. R. Civ. P. 17(b) the [San Jose] Police Department may be sued in Federal court." *Shaw*, 788 F.2d at 605; *see also Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 566 (9th Cir. 2001) (holding that the Los Angeles County Sheriff's Department is "a separately suable entity"). More recently, a district court in the Eastern District of California also concluded that the plaintiffs asserting claims under both 42 U.S.C § 1983 and California law against a police department and individual defendants "may name the Ceres Police Department as a defendant under California law, even if the

City [of Ceres] is ultimately liable." *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1197, 1204 (E.D. Cal. 2019).[1]

Moreover, in *Duarte v. City of Stockton*, the Ninth Circuit reversed a district court's determination that "the City of Stockton and Stockton Police Department are *not* persons within the meaning of § 1983." 60 F.4th 566, 574 (9th Cir. 2023) (emphasis added). Although Plaintiffs' *Monell* claim under 42 U.S.C. § 1983 remains dismissed without prejudice on the independent basis that Plaintiffs failed to adequately plead an underlying constitutional violation, the Court notes that the Ninth Circuit's holding in *Duarte v. City of Stockton* compels the conclusion that the City of San Diego may be properly named as a defendant under 42 U.S.C. § 1983 notwithstanding the cited district court cases reaching the opposite conclusion. (ECF No. 19 at 19–20.) The Court held otherwise in its earlier Order and, upon review, concludes that the San Diego Police Department may be properly named as a defendant for a § 1983 claim.

The Motion for Partial Reconsideration is denied with respect to the dismissal of Defendant San Diego Police Department.

**B. Vicarious Liability for Defendant City of San Diego**

In their Complaint, Plaintiffs assert a negligence claim against San Diego Defendants for their alleged failure to "secur[e] a scene following a collision" and "ensur[e] persons were transported to receive medical care." (ECF No. 1-2 ¶¶ 84–99.) Plaintiffs allege that Ms. Cameroni de Adams was inside her parked vehicle at the time that it was "struck and rear-ended" by another vehicle, and that San Diego Defendants failed to reasonably inspect her vehicle before having it removed to a tow yard, where Ms. Cameroni de Adams succumbed to her injuries. *Id.* ¶¶ 34–36, 45. In their Motion to Dismiss, San

---

[1] San Diego Defendants' lone citation to *Hovd v. Hayward Unified School District* does not persuade the Court to hold otherwise. 74 Cal. App. 3d 470 (Cal. Ct. App. 1977). In its one-page opinion, the state appellate court in that case held that the respondent Vocational Skills Center was "not a public agency" and, as a result, was exempt from certain filing requirements under California law. *Id.* at 471. It is not clear—and San Diego Defendants do not explain—how the case supports their contention that Defendant San Diego Police Department should be dismissed from this action.

Diego Defendants contended that the negligence claim should be dismissed with respect to the Defendant Officers because they did not "have a duty to protect or render care" to the decedent, Ms. Cameroni de Adams, at the time that they encountered the site of the automobile accident. (ECF No. 2-1 at 13–16, 20.)

In denying the motion to dismiss the negligence claim, the Court stated, in relevant part:

> California courts have recognized that a duty of care may arise when police officers encounter an incident, render assistance, and become aware of a foreseeable danger. *Mann v. State of California*, 70 Cal. App. 3d 773, 780 (Cal. Ct. App. 1997); *Dutton v. City of Pacifica*, 35 Cal. App. 4th 1171, 1175–76 (Cal. Ct. App. 1995) (holding that a defendant officer did not owe the plaintiff a duty of care when ordering her to disperse from a park because it was not clearly "more likely that [the plaintiff] would be injured as a result of [the officer's] order to disperse than that she would be injured if [the officer] exercised [] other options"). . . .
>
> Here, Plaintiffs adequately allege that the Defendant Officers owed a duty of care to Ms. Cameroni de Adams. Plaintiffs allege that the Defendant Officers "responded to the scene" of a multiple-vehicle crash that occurred at approximately 1:08 a.m. in the morning. (Compl. ¶¶ 35–36.) Plaintiffs' allegation that the Defendant Officers arranged to have Ms. Cameroni de Adams's vehicle transported to a tow yard supports an inference that the Defendant Officers were exercising control over the crash site and attempting to render assistance to persons and/or property in the area. In doing so, it is plausible that the Defendant Officers were aware of the risk that the drivers and passengers involved in the incident could have been injured. Like the traffic officer in *Mann*, the Defendant Officers chose to "investigate the plight of specific persons" and became appraised [of] a "foreseeable danger" that persons at or near the crash site may have been injured and would require medical assistance.
>
> At this stage of the proceedings, the Court concludes that Plaintiffs adequately allege that the Defendant Officers owed a duty of care to persons involved in the automobile accident, including Ms. Cameroni de Adams.

*Id.* at 28–29. The Court stated that "San Diego Defendants do not raise any contentions regarding the other elements of this negligence claim against the Defendant Officers." *Id.* at 29. Having found that Plaintiffs adequately demonstrated that the officers owed a duty

of care to Ms. Cameroni de Adams, the Court denied the motion to dismiss with respect to Defendant Officers. *Id.* at 29–30.

The Court then considered whether Defendant City of San Diego could be held vicariously liable for the conduct of its officers. *Id.* at 30–31. The Court stated:

> California Government Code § 815 states: "[E]xcept as otherwise provided by statute[,] [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815. California Government Code § 815.2, however, provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." *Id.* § 815.2; *see also Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1180 (Cal. 2003) ("Government Code section 815.2 [] makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment . . . [with] the importation qualification that a public entity is not liable for injuries committed by an employee who is immune from liability for such injuries.").

*Id.* The Court "construe[d] the Complaint as asserting a theory of vicarious liability" against Defendants City of San Diego and San Diego Police Department for the conduct of their employees acting within the scope of their employment, and denied the motion to dismiss the negligence claim against those Defendants. *Id.* at 31.

In the pending Motion for Partial Reconsideration, San Diego Defendants contend that "the California Supreme Court in *Eastburn* limited the principle of vicarious liability against municipalities under Government Code section 815.2 to 'cases involving gross negligence or bad faith.'" (ECF No. 21-1 at 4–5 (quoting *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1180 (Cal. 2003) (citing Cal. Health & Saf. Code § 1799.107)).) San Diego Defendants contend that "[t]his conclusion is also supported by Health and Safety Code section 1799.107." *Id.* at 5. San Diego Defendants contend that "the proper standard for judging the SDPD's officers' actions is gross negligence, which is the only theory under which the City [of San Diego] can be held vicariously liable." *Id.* at 5.

In *Eastburn*, the California Supreme Court reviewed a judgment of dismissal in a case concerning a three-year-old plaintiff who, after "suffer[ing] an electric shock while bathing," was allegedly "denied early and prompt medical attention" because the "911 emergency dispatcher" failed to properly dispatch personnel who could render aid. *Eastburn*, 31 Cal. 4th at 1179. The California Supreme Court stated that it "must decide whether public entities employing emergency dispatchers are subject to direct or vicarious tort liability for injury attributable in part to a *dispatcher's* failure or delay in responding to a 911 call." *Id.* at 1178 (emphasis added). "We conclude that, based on applicable statutory provisions and the legislative policies underlying them, no statute imposes direct liability on public entities in such situations, and vicarious liability is limited to cases involving gross negligence or bad faith." *Id.* (citations omitted).

Assuming that the *Eastburn* court's holding can be properly applied to the conduct of the Defendant Officers in this action, San Diego Defendants' contentions fail to provide good cause for the Court to reconsider its earlier holding. In their Motion to Dismiss, San Diego Defendants contended that the Defendant Officers had "no duty . . . to assist" Ms. Cameroni de Adams and that the facts did not support the existence of a "special relationship." (ECF No. 2-1 at 14, 20.) San Diego Defendants did not contend, as they do now, that the allegations in Plaintiffs' SAC fail to support a finding of gross negligence or bad faith. Based on the parties' briefing, the Court considered the issue of whether the allegations regarding the Defendant Officers' conduct at the scene of the automobile accident plausibly supported the conclusion that they "owed a duty of care to persons involved in the [] accident, including Ms. Cameroni de Adams." (ECF No. 19 at 29–30 ("San Diego Defendants do not raise any contentions regarding the other elements of this negligence claim against the Defendant Officers . . .").) San Diego Defendants' contentions in the Motion for Reconsideration raise new arguments that were not adequately addressed in the briefing on the Motion to Dismiss and to which Plaintiffs have not responded. Without reaching the question of whether the Defendant Officers' alleged failure to investigate the scene of the automobile accident did rise to the level of gross negligence,

the Court declines to reconsider its earlier holding at this stage because San Diego Defendants did not move to dismiss Plaintiffs' negligence claim on those grounds in their Motion to Dismiss. The pending Motion for Reconsideration is not the appropriate vehicle to raise additional contentions that were not raised in the original motion and to which Plaintiffs have not replied. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (stating that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Partial Reconsideration (ECF No. 21) is denied. This ruling is without prejudice to San Diego Defendants raising these arguments in an appropriate substantive motion at a subsequent stage in this litigation.

IT IS FURTHER ORDERED that Plaintiffs may file an Amended Complaint no later than twenty-one (21) days from the filing of this Order. If no Amended Complaint is filed, San Diego Defendants shall file an Answer to the Complaint no later than thirty (30) days from the filing of this Order.

Dated: August 31, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court